## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHEILA ALLEN, individually and on behalf of all other similarly situated, | |
| Plaintiff, | Case No. |
| v. | **Class Action Complaint** |
| JPMORGAN CHASE BANK, NA, and CHASE AUTO FINANCE CORP., | **Jury Trial Demanded** |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff, Sheila Allen ("Plaintiff"), individually and on behalf of all others similarly situated, and by and through her attorneys, Caffarelli and Siegel, Ltd., complains against Defendants JPMorgan Chase ("Chase") and Chase Auto Finance Corp. ("CAF") (collectively referred to as "the Defendants") as follows, based upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief:

### NATURE OF THE CASE

1.      This action seeks redress for business practices that violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. ("TCPA").  Plaintiff brings this class action for damages, injunctive relief, and any other available legal or equitable remedies resulting from the unlawful actions of Chase and CAF in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the TCPA.

### JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the plaintiff pursuant to 47 U.S.C. § 227(b) and 28 U.S.C. §§ 1331 and 1337; *Brill v. Countrywide Home Loans, Inc.*, 427

F.3d 446, 451 (7th Cir. 2005).

3.      Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a national class, which will result in at least one class member belonging to a different state than that of Defendants. Plaintiff also seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4.      Plaintiff lives in this District and Defendants do business within the State of Illinois and Cook County. Accordingly, venue in the Northern District of Illinois, Eastern Division, is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Plaintiff Sheila Allen is an individual who resides in Frankfort, Illinois, within this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

6.      Chase is, and at all times mentioned herein was, a Delaware corporation with its primary corporate address at 270 Park Avenue, New York, New York 10017-2070.

7.      CAF, a corporation that provides auto loans and leases to consumers primarily through a national network of automotive dealers, through JPMorgan Chase Bank, N.A. branches, and over the internet, is a wholly owned subsidiary of Chase. Its headquarters are at 900 Stewart Ave., Garden City, NY 11530, though CAF has various locations operating throughout the nation.

8.      Defendants are, and at all times mentioned herein were, corporations and

"persons," as defined by 47 U.S.C. § 153(39). Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, CAF was acting as the agent of Chase, and in doing the things alleged in this Complaint, CAF was acting within the course and scope of that agency. Defendants are jointly and severally liable for the TCPA violations alleged herein, pursuant to both agency theories and the Federal Communication Commission's Declaratory Ruling FCC 07-232 (December 28, 2007) ("FCC Ruling") holding a creditor to be liable for the TCPA violations of its agent.

## FACTUAL ALLEGATIONS

9.      On approximately 80 occasions beginning in approximately July, 2013 until the present date, CAF contacted Plaintiff on Plaintiff's cellular telephone via, upon information and belief, an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) and/or used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

10.     Such calls were made to Plaintiff's cellular phone, (312) 607-4842, and according to Plaintiff's caller identification originated from the number (866) 653-8215.

11.     When Plaintiff has picked up the calls from Defendants, an automated voice instructed her to call.

12.     When Plaintiff has not picked up the calls from Defendants, an automated voice left her a voicemail instructing her to call (866) 363-1231 to discuss her account.

13.     The calls made to Plaintiff's cellular phone were made by CAF on behalf of Chase.

14.     Plaintiff has no auto loan with Chase or CAF.

15.     Plaintiff has never provided her cellular telephone number to Chase or CAF in connection with any car loan.

16.     Plaintiff has never given Chase or CAF permission to call her cellular phone.

17.     Plaintiff called Defendants on multiple occasions and asked that the automated calls stop, but the automated calls have not stopped.  Defendants have never given Plaintiff any instructions, or the opportunity, to opt out.

18.     The telephone number that Defendants called Plaintiff was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. 227(b)(1).

19.     The telephone calls made by Defendants constituted calls that were not for emergency purposes.

20.     In calling Plaintiff on her cellular telephone line using an automatic telephone dialing system or an artificial or pre-recorded voice, Defendants violated 47 U.S.C. § 227(b).

21.     Defendants acted willfully and/or knowingly in calling Plaintiff as described herein.

## CLASS ALLEGATIONS

22.     Plaintiff brings this action on behalf of herself and all others similarly situated (the "Putative Class").

23.     Plaintiff represents, and is a member of, the Putative Class defined as follows:

"All persons within the United States who received any non-emergency telephone call from Defendants Chase and/or CAF to that person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, and without the called party giving prior express written consent to be called in that manner, within the four years prior to the filing of the original Complaint in this action."

24.     Defendants, their employees and agents are excluded from the Putative Class. Plaintiff does not know with certainty the number of members in the Putative Class at this time, but reasonably estimate the Putative Class Members number in the thousands, if not more.  Thus,

4

this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

25.     This action is brought as a class action under Fed. R. Civ. P. 23 because the putative class is so numerous that joinder of all class members is impracticable.

26.     Plaintiff and members of the Putative Class were harmed by acts of the Defendants in at least the following ways: Defendants unlawfully contacted Plaintiff and the Putative Class Members via their cellular telephones for a number of reasons, including to discuss her account.  As a result, Plaintiff and the Class Members incurred certain cellular telephone charges or reduced cellular telephone time for which Plaintiff and the Putative Class Members already paid, by having to retrieve or administer messages left by Defendants during those unlawful calls, and invading the privacy of Plaintiff and the Putative Class Members.

27.     This suit seeks only damages and injunctive relief and any other relief permitted under the TCPA and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28.     The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class.  These questions include but are not limited to:

   a.   Whether, within the four years prior to the filing of the original Complaint in this action, CAF made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Putative Class Member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   b.   Whether, within the four years prior to the filing of the original Complaint

in this action, CAF made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Putative Class Member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service while servicing loans for which Chase was the owner and creditor, thereby making Chase liable for the TCPA violations as well as CAF;

    c.    Whether Defendant Chase and Defendant CAF were acting as principal or agent, one for the other, in making the cell phone calls to Plaintiff and the Putative Class Members, and whether one is liable for the acts of the other;

    d.    Whether Plaintiff and the Putative Class were damaged thereby, and the extent of damages for such violations; and

    e.    Whether Defendants should be enjoined from engaging in such conduct in the future.

29.    Plaintiff, the putative class and Defendants have a commonality of interest in the subject matter and remedy sought.

30.    Plaintiff is able to fairly and adequately represent and protect the interests of the putative class. Plaintiff has no interests antagonistic to those of the putative class, and Defendants have no defenses unique to Plaintiff

31.    Plaintiff's Counsel is competent and experienced in class and complex litigation.

32.    If individual actions were required to be brought by each member of the class affected, the result would be a multiplicity of actions, creating a hardship to the putative class, to the Court and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with the law. The interest of Putative Class Members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual

action for violation of the TCPA and violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33.     Defendants have acted on grounds generally applicable to the Putative Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Putative Class as a whole.

## COUNT I
## NEGLIGENT VIOLATION OF THE TCPA

34.     Plaintiff incorporates by reference the above paragraphs by reference as if set forth fully herein.

35.     The foregoing acts and omissions of Chase and CAF constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every of the above cited provisions of 47 U.S.C. § 227 *et seq.*

36.     As a result of Chase and CAF's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Putative Class members are entitled to an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37.     Plaintiff and all Putative Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA in the future.

WHEREFORE, Plaintiff Sheila Allen respectfully requests the Court grant her and the Putative Class Members the following relief against Defendants, and each of them:

   a.   As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and for each Putative Class member $500.00 in statutory damages, for each and every call placed in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

   b.   Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

    c.   Reasonable attorneys' fees and costs and expenses of litigation; and

    d.   Any other relief the Court may deem just and proper.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

38.    Plaintiff incorporates by reference the above paragraphs by reference as if set forth fully herein.

39.    The foregoing acts and omissions of Chase and CAF constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Putative Class Members are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41.    Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA in the future.

WHEREFORE, Plaintiff Sheila Allen respectfully requests the Court grant her and the Putative Class Members the following relief against Defendants, and each of them:

    a.   As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and for each Putative Class member treble damages, as provided by statute, up to $1,500.00 in statutory damages for each and every call placed in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C);

    b.   Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

    c.   Reasonable attorneys' fees and costs and expenses of litigation; and

    d.   Any other relief the Court may deem just and proper.

Dated: November 18, 2013

Alejandro Caffarelli, #06239078
Lorraine T. Peeters, #06290434
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231

Respectfully submitted,

SHEILA ALLEN, individually and on behalf of
all others similarly situated


By: /s/ Alejandro Caffarelli
     Attorney for Plaintiff


**JURY DEMAND**

Plaintiff demands a jury to hear and
decide all issues of fact.


/s/ Alejandro Caffarelli
One of Plaintiff's Attorneys