UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA ALLEN, on behalf of himself and all others similarly situated, | NO. 1:13-cv-08285 |
| Plaintiff, | |
| v. | Assigned to the Honorable Rebecca R. Pallmeyer |
| JP MORGAN CHASE BANK, N.A., | Magistrate Judge Schenkier |
| Defendant. | |

OBJECTION OF JANET JABRANI AND ROBERT BURACK

## INTRODUCTION

Before the Court is a proposed common fund settlement in a Telephone Consumer Protection Act ("TCPA") case against JP Morgan Chase with a $10.2 million settlement fund that covers costs of notice and settlement administration, a service award, attorneys' fees and expenses, payments to the class and, potentially, payments to a charity. Among other problems, the proposed settlement is not fair, adequate and reasonable and the proposed award of attorneys' fees and expenses as well as the service award are excessive.

## STANDING AND OBJECTOR INFORMATION

Objectors' full names, addresses and telephone numbers are as follows:

Janet Jabrani
2038 Moondance Court
O'Fallon, Missouri 63368-6884
(636) 399-2055

Robert Burack
P.O. Box 414, 833 Central Avenue
Highland Park, Illinois, 60035-0414
(847) 436-2892

Objectors are class members who have timely filed claims and have standing to make this objection. *See* Declaration of Janet Jabrani, Exhibit A hereto, and Declaration of Robert Burack, Exhibit B hereto, incorporated by reference as though set forth in full. Objectors are represented by Roach, Johnston & Thut and Bandas Law Firm, PC. Chris Bandas of Bandas Law Firm does not presently intend on making an appearance for himself or his firm. Objectors do not intend on appearing at the fairness hearing either in person or through counsel but ask that this objection be submitted on the papers for ruling at that time. Objectors rely upon the documents contained in the Court's file in support of these objections as well as the documents attached hereto. Objection is made to any procedures or requirements to object in this case that require information or documents other than those that are contained herein to the extent that such requirements seek irrelevant information to

2

the objections, are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate Objectors' and counsel's due process rights and/or Rule 23. Objector incorporates by reference the arguments and authorities contained in all other objections, if any, filed herein and made in opposition to this settlement and/or to the award of attorneys' fees, expenses and incentive award that are not inconsistent with this objection.

**The Proposed Settlement Is Not Fair, Adequate And Reasonable And The Class Notice Is Inadequate.**

The class notice estimates that eligible class members will receive between $45 and $55 per claim. As the Settlement Agreement explains,

> Each Settlement Class Member may make only one Claim, regardless of the number of calls/text messages[1] the Settlement Class Member received, the number of accounts held or obligations owed at any time, or how many cellular telephone numbers Chase called using an

---

[1] The class notice speaks in terms of a class action settlement based on automated calls. It mentions in passing "voice and text messages" in paragraph 10 of the long form notice, but the overwhelming thrust of the class notice is that settlement concerns "automated calls." This and any other disclosure about the fact that this is also a "texting case" is drowned out by the overwhelming focus on the automated calls. Covering texts basically seems like an afterthought. The Second Amended Complaint posted to the settlement website consistently speaks in terms of "calls." It just does not seem like this case was ever really about texts sent in violation of the TCPA. It also does not seem like a natural fit to refer to a text as a type of phone call. Calls, faxes and texts are all distinct. It is confusing and misleading to suggest otherwise. Nevertheless, the Settlement Agreement makes clear that the release extends to text messages as well as calls because the parties seem to have agreed that texts are a type of call. The release extends to claims "that arise out of or are related in any way to the use by the Released Parties or anyone of their behalf of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" to make "calls" to a cellular telephone (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, relevant regulatory or administrative promulgations and case law, and which the Parties agree include *text messages*)[.]" Settlement Agreement at 15 (emphasis added). Objection is made to this on several bases. It is not known to what extent class counsel and class representative actually prosecuted and investigated the existence and extent of any text messages sent to the class (and related issues such as whether Chase sent direct notice of this settlement to all of those people), but to the extent that did not happen objection is made on those bases. Objection is also made to the extent that that the release is overly broad in releasing claims for text messages.

3

> automatic telephone dialing system and/or an artificial or prerecorded voice in connection with efforts to contact the Settlement Class Member. Each Settlement Class Member who submits a valid and timely Claim Form shall be awarded a prorata share of the Settlement Fund after Settlement Costs are deducted.

Settlement Agreement at 11. Under the TCPA, compensation is calculated on a "per violation" basis not on a "per person" basis. The proposed settlement is unfair and inadequate because it does not compensate class members in the way the TCPA does: that is per automated call (or text, *see* fn. 1 *supra*) not per claimant.

"It is perfectly fair and reasonable, and indeed common and accepted, for settlement benefits to turn on the strength of class member's claims." *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico on April 20, 2010*, 910 F. Supp.2d 891, 948 (E.D. La. 2012), *aff'd*, 739 F.3d 790 (5th Cir.), *cert. denied*, 135 S. Ct. 754 (2014). Under the proposed settlement, a class member who receives 1,000 automated calls (or texts) from Chase receives the same settlement as a class member who receives 1 automated call (or text). Moreover, even $45 to $55 *per violation* would be inadequate compensation balanced against the value of the claims that are being given up by the class members. Under the TCPA, prevailing class members would be entitled to a civil penalty of $500 per violation, more if proof of willfulness can be shown. Objection is made to the proposed settlement on the grounds that compensation is both inadequate and unfair given the size of each civil penalty available under the TCPA and the lack of proportionality of how the proceeds are distributed based upon the number of calls (or texts) to each class member. The settlement is unfair and should be disapproved.

**Class Counsel's Fee and Expense Request Is Excessive.**

Class counsel's fee and expense request for $3,399,966 in this case is excessive. Class counsel attempts to justify its fee and expense award by arguing that it is only one-third of the settlement fund. Memorandum of Law at 2 (Dkt. # 59). As an initial matter, under *Redman v.*

4

*Radioshack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014), *cert denied*, 135 S. Ct. 1429 (2015), one must make certain deductions from the common fund prior to calculating the percentage sought. Class counsel did not make these required deductions before calculating one-third of the common fund as is required in the 7th Circuit. But even after making these required deductions, a one-third fee award would still be excessive in this case.

The 7th Circuit applies a "market price" analysis to determine the appropriate percentage to apply in making a "percentage of recovery" determination. Contrary to class counsel's suggestion, the "market price" for attorneys' fees in a TCPA class is not, and should be considered to be, "one-third." In *Rose v. Bank of America Corp., et al.,* 2014 WL 4273358 (N.D. Cal. August 29, 2014), attached hereto and incorporated herein by reference as Exhibit C, the district court observed:

> The Court compared a number of TCPA class action settlements in which attorneys from the instant case participated: in *Grannan,* 2012 WL 216522, a granted request for 25% of the Settlement Fund reflected a multiplier of 1.47. In *Adams v. AllianceOne, Inc.,* 08–CV–248–JAH (S.D.Cal. Sept. 28, 2012), a granted request for 30% of the Settlement Fund reflected a multiplier of 3.81. In *Arthur v. Sallie Mae, Inc.,* 10–CV–198–JLR (W.D.Wash.), a granted request for 20% of the Settlement Fund reflected a multiplier of 2.59.

*Id.* at *10; *see also Arthur v. Sallie Mae, Inc.*, 2012 WL 4075238 (W.D. Wash. Sept. 17, 2012). The average "market price" percentage in these TCPA cases is probably 25% not one-third. *See also* Exhibit D, which was previously filed in another TCPA case in *In re Capital One Telephone Consumer Protection Act Litigation*, MDL No. 2416, Master Docket No. 1:12-cv-10064 (N.D. Ill.) at Docket Number 294.

In addition, in TCPA cases it is becoming commonplace to require both an analysis of a percentage *and a lodestar*. And even where a percentage such as 25% is awarded, that is a "market price" percentage for a much smaller common fund. The Court's analysis should not end with a rigid application of a percentage, even a substantially reduced percentage. More analysis should go into determining a "market price" than simply a percentage; it should also require a lodestar cross-

5

check to determine if class counsel really earned their fee. In *Rose v. Bank of America Corp., et al.,* 2014 WL 4273358 (N.D. Cal. August 29, 2014), a lodestar analysis resulted in fees being reduced from the requested 25% benchmark percentage (slightly in excess of $8 million) to $2,402,243.91 (a 2.59 multiplier).

In sum, this Court should require a lodestar cross-check (or a full-blown lodestar analysis) of fees to ensure class counsel does not receive a windfall. In *Americana Art China Co., Inc. v. Foxfire Printing and Packaging, Inc.,* 743 F.3d 243 (7th Cir. 2014), the 7th Circuit affirmed a district court's use of the lodestar methodology in determining a reasonable fee in a TCPA class action, that would also be an acceptable methodology to determine fees in this case, perhaps with a percentage of recovery cross-check. If the Court does apply a percentage analysis as the primary tool of analyzing attorneys' fees, it should apply a lodestar cross check. Objection is made to the proposed award of attorneys' fees on the record presented.

**Service Award Request Is Excessive.**

In addition, a service award of $25,000 exceeds other service awards in similar TCPA cases and it is objected to as excessive and renders the class representative inadequate. A class representative is in a special and unique relationship to the class. Rule 23(a)(4) of the Federal Rules of Civil Procedure requires a showing of adequacy of representation in order to certify a class. *See* Fed. R. Civ. P. 23(a)(4) ("the representative parties will fairly and adequately protect the interests of the class"). The Rule 23 adequacy inquiry is intended to uncover "conflicts of interest between the named plaintiffs and the class they seek to represent." *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 479-80 (5th Cir. 2001) *(quoting Amchem Prods. v. Windsor,* 521 U.S. 591, 625 (1997)).

A service award of this magnitude has the strong potential to sway a class representative to support the approval of a class action due to the unusually high amount of money she will be paid rather than on the merits and value of the class settlement alone to her and to the class. This high

6

service award is especially troubling here where it is alleged that Ms. Allen received approximately 80 calls from Chase - each of which would be considered a violation under the TCPA (*see* discussion of TCPA above). Memorandum of Law at 3. It would be unfair for Ms. Allen to be even partially compensated for her many separate violations of the TCPA through a service award. For Ms. Allen's part, it may have been unfair to ask her to be a class representative in a case that would be settled on a "per claimant" rather than a "per violation" basis instead of representing her individually on her valuable individual TCPA claims related to approximately 80 separate calls.[2] Objection is made on these bases.

## CONCLUSION

Objectors request that this settlement be rejected. In the alternative, Objectors request that the proposed award of attorneys' fees, expenses and service award be rejected or, at minimum, substantially reduced.

DATED: September 3, 2015

Respectfully submitted,

*/s/ C. Jeffrey Thut*
C. Jeffrey Thut
516 N. Milwaukee Ave.
Libertyville, Illinois 60048
Telephone:    (847) 549-0600
Facsimile:      (847) 549-0312
Email: jeff@roachjohnstonthut.com

Attorneys for Objectors/Class Members

---

[2] Objection is also made to the extent that that Ms. Allen is inadequate to represent a subclass of persons who received text messages and that the "text message" subclass is entitled to certain procedural protections, including separate representation. *See, eg., Dewey v. Volkswagen AG,* 681 F.3d 170 (3d Cir. 2012). It is unclear whether and/or to what extent Ms. Allen received text messages from Chase.

7

**Certificate of Service**

The undersigned certifies that today he filed the foregoing objection and associated declarations on ECF which will send electronic notification to all attorneys registered for ECF-filing. The undersigned further certifies he caused to be served via USPS First Class Mail, postage prepaid, a copy of this Objection and associated exhibits upon the following.

DATED: September 3, 2015

Keith Keogh, Esq.
Keogh Law, Ltd.
55 Monroe St., 3390
Chicago, IL 60603

Julia B. Strickland, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East
Los Angeles, CA 90067-3086

/s/ *C. Jeffrey Thut*
C. Jeffrey Thut