UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA ALLEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No. 13-cv-08285<br><br>Assigned to the Honorable Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Schenkier |

**PLAINTIFF'S MOTION TO CONSOLIDATE DEADLINES, AND FOR
LEAVE TO CONDUCT LIMITED DISCOVERY ON THE OBJECTORS**

Plaintiff Sheila Allen, on behalf of herself and all other similarly situated persons, by and through her attorneys Caffarelli & Associates Ltd. and Keogh Law, Ltd., seeks leave to consolidate deadlines to respond to objections and to conduct limited discovery on the objectors. In support of her Motion, Plaintiff states as follows:

**INTRODUCTION**

On May 19, 2015, this Court granted preliminary approval of this settlement under the Telephone Consumer Protection Act ("TCPA"). Pursuant to the preliminary approval order, notice was then sent to over two million persons via U.S. mail and e-mail. (D.E. 58). The preliminary approval order required that any objections be filed no later than September 4, 2015, and that class counsel shall respond by October 7, 2015. Id. Although over two million people received direct notice, to date only four (4) individuals mostly represented by professional objectors filed objections. On September 3, 2015, Janet Jabrani and Robert Burack filed objections to the proposed settlement. (D.E. 63) On September 4, 2015, Candysse S. Carlsen (D.E. 66), and Enzo A. Sberna (D.E. 68) filed objections to the proposed settlement. Even though the Preliminary Approval Order provides a date of October 7, 2015 to respond to the objections (D.E. 58 at ¶ 9), on September 8, 2015 this Court issued an Order directing Plaintiff to respond in writing to Ms. Carlsen's objections within 14 days.

(D.E. 69). Plaintiff seeks to align such response date with the pre-existing response date of October 7, 2015, as well as conduct limited discovery on the objectors.

## ANALYSIS

When assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first. See, e.g., In re Checking Account, 830 F. Supp. 2d at 1361 n. 30 (denying the objection made by Mr. Fortman and others and recognizing that the objectors were "motivated by things other than a concern for the welfare of the Settlement Class . . . whose sole purpose is to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto."). The Federal Judicial Center has even warned courts to "[w]atch out ... 'for canned objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests.'" Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, Managing Class Action Litigation: A Pocket Guide for Judges, at 11 (2005) (quoting Shaw v. Toshiba Am. Info. Sys., Inc., 91 F. Supp. 2d 942, 973 (S.D. Tex. 2000)). (Ex. A.)[1]

---

[1] "Although they contribute nothing to the class, they object to the settlement, thereby obstructing payment to lead counselor the class in the hope that lead plaintiff will pay them to go away. Unfortunately, the class-action kingdom has seen a Malthusian explosion of these opportunistic objectors . . . ." In re Cardinal Health, Inc. Sec. Litig., 550 F. Supp. 2d 751, 754 (S.D. Ohio 2008). See also Shaw v. Toshiba Am. Info. Sys., Inc., 91 F. Supp. 2d 942, 973-74 & n.18 (E.D. Tex. 2000)), and "maraud proposed settlements - not to assess their merits but in order to extort the parties ... into ransoming a settlement that could otherwise be undermined by a time-consuming appeals process." Snell v. Allianz Life Ins. Co., No. 97-2784 (RLE), 2000 WL 1336640, at *9 (D. Minn. Sept. 8, 2000). (Ex. B.) See also In re Checking Account Overdraft Litig., 830 F. Supp. 2d 1330, 1362 n.30 (S.D. Fla. 2011) ("most if not all of the objections are motivated by things other than a concern for the welfare of the settlement class. Instead, they have been brought by professional objectors and others whose sole purpose is to obtain a fee by objecting to whatever aspects of the settlement they can latch onto."); In re Initial Pub. Offering Sec. Litig., 721 F. Supp. 2d 210, 214 (S.D.N.Y. 2010) ("[T]here is evidence of bad faith or vexatious conduct by the objectors. Other courts have found that counsel ... are serial objectors and have required them to post bonds in other actions."); In re AOL Time Warner ERISA Litig., 02 CV. 8853 (SWK), 2007 WL 4225486 at *3 (S.D.N.Y. Nov. 28, 2007) ("[T]he objections contained arguments counterproductive to the resolution of the litigation. In this case, the objection contained several arguments that were irrelevant or simply incorrect."). (Ex. C.)

Here, all four objectors are represented by highly sophisticated counsel, most of whom have been previously identified as "serial" or "professional" objectors. For example, in a 2013 study by the Federal Judicial Center, Mr. Bandas (who is identified as Mr. Thut's co-counsel) (D.E. 63) was identified as one of the country's most prolific objectors' counsel, with his name appearing over 100 times in a study of three judicial circuits. See http://www.fjc.gov/public/pdf.nsf/lookup/class-action-objector-appeals-leary-fjc-2013.pdf/$file/class-action-objector-appeals-leary-fjc-2013.pdf. (Ex. D.) Mr. Bandas and Mr. Thut were also profiled in a recent article about serial objectors in Reuters, which described Mr. Bandas' attempt to obtain $400,000 from one law firm in order to withdraw his objections, as well as U.S. District Court Judge James Robart's order barring Bandas from practicing in the Western District of Washington for bad faith conduct. See http://blogs.reuters.com/alison-frankel/2015/06/29/a-new-way-for-class-action-firms-to-combat-serial-objectors/. (Ex. E.)

Similarly, counsel for Mr. Sberna have also filed similar objections in a multitude of cases. See generally, In re: Law Office of Jonathan E. Fortman, LLC, 4:13mc0042 Dkt. Entry No. 6, (U.S. Dist. Ct. E. Dist. Of Missouri) (Response to Motion to Quash Subpoena and for Sanctions and attachments thereto). (Ex. F.) Although newer to the serial objector game, counsel for Ms. Carlsen, Brent Vullings, has also entered objections in Kolinek v. Walgreens Co., No. 13-CV-04806 Dkt. Entry Nos 119 and 134. (N.D. Illinois). (Group Ex. G.)

As for Ms. Carlson's (Mr. Vullings') actual objections, they show a misunderstanding of this case and class actions in general, and, as the court observed in In re AOL Time Warner ERISA Litig., 02 CV. 8853 (SWK), at *3, contain "arguments counterproductive to the resolution of the litigation" or otherwise "irrelevant or simply incorrect." (Ex. C.) For example, Mr. Vullings complains that FDCPA claims are being released, but does not appear to understand FDCPA does not even apply to Chase, as it is a creditor collecting its own debt as opposed to a 3d party agency. In addition, only claims relating to the calls at issue are being released.

3

More significantly, Mr. Vullings' argument that this Court should not approve the settlement until the Supreme Court addresses Spokeo v. Robins in order to only provide relief to persons with actual damage FDCPA claims illustrates either lack of understanding of both this case and Spokeo, or, more likely, the nefarious intent of his objections. Once again, no class member has an FDCPA claim against Chase. More significantly, the proponents of Spokeo have argued that the Supreme Court should wipe out statutory damages under the TCPA. In fact, some courts have stayed cases pending Spokeo. E.g., Ramirez v. Trans Union, LLC, No. 12-cv-00632-JSC (N.D. Cal., Dkt. Entry No. 184, Jun. 22, 2015. (Ex. H.) Therefore, Mr. Vullings would risk the class getting **nothing**, which certainly would not benefit the class, but in any event, the concern for persons with actual damage FDCPA claims is misplaced.

Likewise, the parties do not expect a *cy pres* in the traditional sense. The settlement agreement provides that all funds will be paid to the class. Assuming there will be some uncashed checks, there will be a second distribution to the class members who cashed their checks. Only if there are still any uncashed checks or the amount of the initial uncashed checks is too small to justify the administration of sending out additional checks will there be a very small *cy pres* in order to dispose of these residual funds and avoid any type of reversion. Although Plaintiff briefly addresses some of the main objections for illustrative purposes, she will respond more fully as ordered.

Finally, there exists the distinct possibility that Ms. Carlsen (as well as the other objectors) provided their consent to receive calls, voluntarily provided their numbers, and/or signed arbitration or class waivers, any of which would impact the value of any individual claims under the TCPA. Since these objectors complain that they should be entitled to a larger amount per claim, Class Counsel should be given an opportunity to explore the value (if any) of the

4

claims that the objectors contend they should be entitled to, as well as potential issues relating to standing and the intent of the objectors.

As such, Plaintiff requests leave to conduct limited discovery seeking document requests that go towards the value of the objectors' claims and documents to ascertain whether these are legitimate objectors or instead shells for serial objector law firms. Plaintiff also requests leave to depose the objectors for the same reason, with the depositions taking place in the federal district where the objectors are located for their convenience. Other courts have granted similar requests. In In re Cathode Ray Tube (CRT) Antitrust Litig., plaintiffs sought discovery from an objector to obtain relevant information regarding "(1) his alleged standing as a Settlement Class member to assert objections, (2) the underlying bases for his objection, and (3) his relationship with 'professional' or 'serial' objector counsel that [p]laintiffs' counsel believe instigated his objection to the settlement." 281 F.R.D. 531, 532 (N.D. Cal. 2012). The court found these issues of discovery to be relevant and permitted the subpoena. Id. at 534.

The courts in Kramer v. Autobytel, Inc., No. 10-cv-02722-CW (N.D. Cal., Dkt. Entry No. 136, Jan. 12, 2012) (Ex. I.) and Sullivan v. Kelly Servs., Inc., No. CV 08-03893-CW (N.D. Cal. Aug. 10, 2011, Dkt. Entry No. 121) (Ex. J.) also granted the plaintiffs leave to depose both an objector and his professional objector counsel. See also In re TFT-LCD (Flat Panel) Antitrust Litigation, MDL No. 1827, Dkt. Entry No. 7011 (N.D. Cal.; Order filed 10/19/2012) (Ex. K.); In re Static Random Access Memory (SRAM) Antitrust Litig., MDL No. 1819, Dkt. Entry No. 1393 (N.D. Cal.; Order filed 9/23/2011) (Ex. L.); Stern v. AT&T Mobility, No. CV 05-8842, Dkt. Entry No. 344 (C.D. Cal.; Minute Entry filed Oct. 15, 2010). (Ex. M.)

**CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court consolidate deadlines such that responses to all objectors are due on or before October 7, 2015 or, in the alternative, identify which of Ms. Carlsen's objections to which the Court seeks a response prior to the general response date, and for leave until September 31st to respond. And for the reasons identified herein, Plaintiff also respectfully requests that this Honorable Court grant her leave to serve limited discovery on objectors, including document requests and depositions. In order to keep the Final Approval date of October 21, 2015, Plaintiff requests that the objectors respond to the document requests within 14 days and the depositions take place within 7 days thereafter.

Dated: September 14, 2015

Respectfully submitted,

Alejandro Caffarelli, #06239078
Lorraine T. Peeters, #06290434
Caffarelli & Associates Ltd.
214 South Michigan Ave., Ste. 300
Chicago, IL 60604
Telephone: (312) 763-6880

SHEILA ALLEN, individually and on behalf of all others similarly situated

By: /s/ Alejandro Caffarelli
    Attorney for Plaintiff

Keith J. Keogh
Timothy Sostrin
Michael Hilicki
Keogh Law, Ltd.
55 West Monroe St., Ste. 3390
Chicago, IL 60603
Telephone: (312) 726-1092

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, **Plaintiff's Motion to Consolidate Deadlines, and for Leave to Conduct Limited Discovery on the Objectors**, to be served upon the party below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on September 14, 2015.

    Julia B. Strickland
    Arjun P. Rao
    Strook & Strook & Lavan LLP
    2029 Century Park East, 16th Floor
    Los Angeles, CA 90067
    T (310) 556-5800
    E-mail: jstrickland@stroock.com; arao@stroock.com

    Gloria B. Mitka
    Associate General Counsel
    JPMorgan Chase Legal Department
    10 S. Dearborn, Floor 20 (IL-0287)
    Chicago, IL 60603
    E-mail: gloria.mitka@jpmchase.com

    Brent F. Vullings
    Vullings Law Group
    3953 Ridge Pike, Suite 102
    Collegeville, PA 19426
    E-mail: bvullings@vullingslaw.com

    C. Jeffrey Thut (also via electronic mail and U.S. Mail)
    516 N. Milwaukee Avenue
    Libertyville, IL 600048
    Email: jeff@roachjohnstonthut.com

    Jonathan E. Fortman
    Law Office of Jonathan E. Fortman, LLC
    250 St. Catherine Street
    Florrissant, Missouri 63031
    E-mail: jef@fortmanlaw.com

                /s/ Alejandro Caffarelli
                Attorney for the Plaintiff