UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA ALLEN, individually and on behalf of all other similarly situated, | ) ) ) ) | Case No. 13-cv-08285 |
| Plaintiff, | ) ) ) | Hon. Rebecca Pallmeyer |
| v. | ) ) | Magistrate Judge Schenkier |
| JP MORGAN CHASE BANK, N.A., | ) ) ) | |
| Defendant. | ) | |

**CLASS MEMBER ENZO A. SBERNA'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT
LIMITED DISCOVERY ON THE OBJECTORS**

Comes now Class Member Enzo A. Sberna, by and through counsel, and files this memorandum of law in opposition to Plaintiff's Motion for Leave to Conduct Limited Discovery on the Objectors.

**Argument**

Recognizing that the settlement they have presented this Court has problems as set forth in the objections filed by class members, Class Counsel has gone on the attack against the objectors. On the day the Mr. Sberna's objection was filed, counsel for Mr. Sberna reached out to Class Counsel in an e-mail, attempting to engage them in a discussion concerning ideas Mr. Sberna had for improving the settlement prior to the fairness hearing (Exhibit 1, attached hereto, e-mail).[1] Shortly after Ms. Carlsen filed her

---

[1] The text of such e-mail states as follows: Mr. Keogh & Mr. Caffarelli:

Attached, please find a courtesy copy of the objection filed in the above referenced case today on behalf of Enzo Sberna. We have some ideas as to how this settlement could be improved for the

objection, this Court ordered Class Counsel to respond to such objection within 14 days (Doc # 69).

Rather than simply calling Mr. Sberna's counsel, Class Counsel has chosen a path to protect their fees instead of determining if there are improvements that can be made to assist the absent class members. As this Court knows, the Seventh Circuit has been at the forefront in appreciating the roles objectors to class action settlements can play in assisting the district court in its evaluation of the fairness and adequacy of a proposed settlement. _Pearson v. Nbty, Inc._, 772 F.3d 778 (7th Cir. 2014); _Redman v. RadioShack Corp._, 768 F.3d 622 (7th Cir. 2014); _Eubank v. Pella Corp.,_ 753 F.3d 718 (7th Cir. 2014). The Seventh Circuit has repeatedly recognized that an objector can re-establish an adversarial process into the proceedings to permit the district court to fully vet the proposed relief in the class. _Id._ Seventh Circuit courts have identified the potential conflict that can be created for Class Counsel who wants a settlement to be approved in order for Class Counsel to get a fee regardless of whether the benefit for absent class members can be improved. _Id._ Class Counsel has no interest in re-establishing the adversarial process and, instead, seeks to harass and intimidate any objector who had the audacity to hire experienced counsel.

---

class members. I'd like to speak with you about this matter after the Holiday weekend, if you are available.

Feel free to call me on my cell at (314) 267-7905 after 12:00 p.m. on Tuesday September 8th or any day thereafter.

Otherwise, have a safe and enjoyable Labor Day weekend.

John C. Kress

Had Class Counsel simply contacted Mr. Sberna's counsel prior to filing their motion seeking discovery, they would have learned that Mr. Sberna had multiple suggestions and specific ways of improving this settlement for the class. No such call was placed because Class Counsel has no interest in improving this settlement. When faced with challenges to the fairness of their proposed settlement, Class Counsel did what every professional settlement counsel does when it appears that objectors know that a settlement is likely to not be approved in its current form, they engaged in personal attacks against objectors' counsel.

Class Counsel here continue what has become a worn out mantra in every TCPA case which is filed in this district by calling any attorney who chooses to represent an absent class member a "professional objector." Class Counsel filed a Motion with this Court yesterday that purports to demonstrate the need for discovery from the objectors in this case based upon innuendo and speculation concerning the motives of Mr. Sberna and his counsel. Class Counsel, realizing all along they do not have any legitimate reason to actually depose Objector Sberna, simply try to disparage Sberna's attorneys by claiming they have "filed similar objections in a multitude of cases" (Doc # 70, p. 3). Class Counsel then assumes no one is actually reading what they file, much less reviewing their exhibits. To support this gross mischaracterization, they attach a filing from another group of professionals who file and settle class action cases, giving the Court a pleading from such group concerning an aborted effort to obtain the documents from the Law Offices of Jonathan E. Fortman, in an effort to force the objector and their attorneys out of another TCPA case against Defendant Steve Madden (Exhibit F, Doc # 70, p. 3).

Class Counsel chose to be selective with the information they provided to this Court, failing to provide the Order that demonstrates only that Class Counsel would be entitled to obtain from Fortman's law firm "non-privileged information" and documents not subject to "work product" and only after the parties agreed to a protective order. (Exhibit 2, attached hereto). However, as set forth below, the parties never got that far.

Once again, Class Counsel is misrepresenting the record. Not only was the discovery not produced, but class counsels' fees in the Steve Madden case were slashed by almost 50% from a fee application that demanded payment of $2.4 Million in attorneys' fees, leaving class counsel $1.25 Million (Exhibit 3, attached hereto, p. 14-15). In that same case, Mr. Sberna's attorney and his colleagues brought benefit to the class by extending the claims deadline by requiring class counsel to re-notice the class, and were awarded $100,000 in attorney's fees for their efforts by the Steve Madden Court (Exhibit 4, attached hereto).

For obvious reasons, Class Counsel has an intense need to distort the actual record in order to protect their fee application and insure that this Court does not subject this settlement to any rigorous analysis other than what such professionals who routinely file and settle TCPA class action cases wish for this Court to view. These distortions of case law and the record are necessary because otherwise the Court is merely left with the bland statements that supposedly support such discovery efforts:

> Since these objectors complain that they should be entitled
> to a larger amount per claim, Class Counsel should be
> given the opportunity to explore the value (if any) of the
> claims that the objectors contend they should be entitled to,
> as well as potential issues relating to standing and the intent
> of the objectors.

(Doc # 70, p. 4-5). Class Counsel conveniently omitted the fact that Objector Sberna filed his objection and attached his Notice that he received in the mail establishing his standing to object. As to Objector Sberna's intent, that was established by the filing of his objection and the follow-up e-mail his attorneys sent to Class Counsel seeking to share Sberna's ideas for improving the settlement (Exhibit 1). Again, it is completely understandable under these conditions as to why Class Counsel decided not to disclose to this Court Objector Sberna's request to discuss aspects of the settlement with Class Counsel and hear what he had to say about his ideas for improving the settlement. To do so would further legitimize Objector Sberna and the concerns he has raised.

Class Counsel further claim that such discovery against Objector Sberna is necessary "seeking document requests that go towards the value of objectors' claims and documents to ascertain whether these are legitimate objectors or instead shells for serial objector law firms." (Doc # 70, p. 5). What exactly does Class Counsel mean by "value of objectors' claims"? Is it the dollar value or is it the value to the unnamed class members? Perhaps it is the value of the actual claim filed? Or is it value of the changes to the settlement in the objection for the unnamed class members? The answer is ultimately not important- this is another example of pretext used to get the deposition of Objector Sberna, in the hope that he will withdraw his objection. Who is a "legitimate objector"? Does class counsel make that decision? How do you define "legitimate objector"? At least the last part appears clear- is Objector Sberna acting as a "shell" for a for a serial objector law firm? Mr. Sberna is no more a "shell" than the named plaintiff is a tool for obtaining an attorney's fees award for attorneys who routinely file class action cases and settle them for allegedly benefitting the class and awarding attorney's fees.

Class Counsel could not help but point out to this Court their attitude toward class action settlements in general, referring to it as the "serial objector game" (Doc #70, p. 3). Here, Class Counsel point out examples of that "game" by citing to a current case pending in this District titled <u>Kolinek v. Walgreens Co.</u>, No. 13-CV-04806 Dkt, Entry Nos 119 and 134 (N.D. Illinois). (Doc # 70, p. 3 Exh. G). Curiously, absent is any reference to the objection filed by Sberna's counsel of record in that TCPA case. Class Counsel does not reference it, because Mr. Fortman and his colleagues filed a recent fee application currently pending in that Court after making improvements and changes to the proposed settlement in that case that ultimately led to class members continuing to receive prescription reminder calls from Walgreens pharmacy (Exhibit 5, attached hereto). Importantly, Fortman and his colleagues, after bringing benefit to the class members in Walgreens, agreed to withdraw the objection without any promise or consideration for attorney's fees.

Rather than permitting needless discovery which is solely designed to harass and intimidate class members who object, this Court should encourage objectors as a means for providing a mechanism to ensure that absent class members are protected. Just like the named plaintiff, Mr. Sberna chose to retain counsel who are experienced in class action matters, both as class counsel and as counsel for objectors. That fact should not, by itself, subject him to needless discovery. Mr. Sberna is a class member and is exercising his rights pursuant to Rule 23 of the Federal Rules of Civil Procedure and the notice sent to him in this case, a notice which informs him of his right to retain counsel if he does not agree with the settlement.

**Conclusion**

This Court should deny Class Counsels' request for "limited discovery" of Objector Sberna. However, despite the paucity of information provided by Class Counsel concerning the need for Objector Sberna's deposition and for him to produce unknown documents, Objector Sberna recognizes that this Court may in fact order that his deposition occur and/or that he produce certain documents. Objector Sberna states that if such were to occur, that he is a non-party to this litigation under <u>Devlin v. Scardelitti</u>, 536 U.S. 1 (2002) and may only be compelled to produce documents and/or testimony with the issuance of a valid and properly served subpoena. Objector Sberna's attorneys do not waive the requirement of serving such subpoena and do not agree to accept service of same. Further, Objector Sberna does not waive any objections he may have to such requests for documents and/or testimony in the event that he is served with a valid subpoena.

Respectfully submitted,

  /s/ Jonathan E. Fortman
JONATHAN E. FORTMAN
Law Office of Jonathan E. Fortman, LLC
250 St. Catherine Street
Florissant, Missouri  63031
Ph# (314) 522-2312
Fax:  (314) 524-1519
Email: jef@fortmanlaw.com

STEVE A. MILLER
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

JOHN C. KRESS
The Kress Law Firm, LLC
4247 S. Grand Blvd
St. Louis, MO 63111
Ph.#: (314) 631-3883
Fax: (314) 332-1534
Email: jckress@thekresslawfirm.com

**CERTIFICATE OF SERVICE**

On this 15th day of September, 2015 this document was served upon all parties via the Court's ECF filing system.

_____/s/ Jonathan E. Fortman_____
Jonathan E. Fortman