UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA ALLEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No. 13-cv-08285<br><br>Assigned to the Honorable Rebecca R. Pallmeyer<br><br>Magistrate Judge Schenkier |

**MOTION TO COMPEL MS. CARLSEN'S COMPLIANCE WITH THE COURT'S SEPTEMBER 16, 2015 ORDER OR ALTERNATIVELY STRIKE HER OBJECTION**

Now comes Plaintiff Sheila Allen, on behalf of herself and the Class, and hereby moves the Court to compel Objector Candysse Carlsen to act in compliance with this Court's Order entered on September 16, 2015 [DKT. 73] ("Order"). Alternatively, Plaintiff moves this Court to strike Ms. Carlsen's objection pursuant to Fed.R. Civ.P. 37. In support therefore, Plaintiff states:

1. Pursuant to the Order, objectors were required to respond to limited discovery within seven days of service thereof. Additionally, objectors were ordered to avail themselves to deposition within seven days thereafter ECF 73.

2. Ms. Carlsen has failed to comply with the Order.

3. On September 16, 2015, Plaintiff propounded discovery upon Ms. Carlsen. A copy of the document requests are attached as *Exhibit 1*.

4. On September 18, 2015, Plaintiff served a deposition notice that set September 30, 2015 for her deposition. The accompanying correspondence requested her attorney contact Plaintiff if the date and time were not convenient. *See Exhibit 2*.

5. Ms. Carlsen did not contact Plaintiff. Instead, Plaintiff contacted her on September 23, 2015 to confirm the deposition date. *Exhibit 3*. Ms. Carlsen's attorney responded that they were unavailable, but failed to provide alternative dates. *Id*.

6. Likewise, on September 24, 2015, Plaintiff requested a status on the overdue document responses. Ms. Carlsen's attorney would not provide a date for the documents to be produced. *Id*. On September 25, 2015, Plaintiff again requested a date certain for compliance with the overdue discovery. In response, Ms. Carlsen's counsel vaguely referenced his client had a family crisis and would not comply with her deposition within the time frame set by the Court because she had to work at the family business.

7. On September 25, 2015, Plaintiff offered to extend the date for the document requests and offered to take the deposition either before or after work to accommodate Ms. Carlsen. *Id*. Plaintiff's offer was ignored. On September 29, 2015, Plaintiff's counsel telephoned Ms. Carlsen's counsel in an attempt to work out the discovery dispute, but his call was not returned.

8. At this time, Ms. Carlsen has not responded, nor has she submitted discovery responses or a proposed deposition date. To date, Ms. Carlsen's discovery responses are nearly a week overdue. The undersigned has taken great strides to accommodate Ms. Carlsen, while working within the timetable set forth in this case. Unfortunately, Ms. Carlsen has provided no real indicia she has any intention of acting in accordance with the Order. Neither she nor her counsel have acted in good faith to try and resolve this issues described herein. Therefore, pursuant to Rule 37 of the Federal Rules of Civil Procedure the undersigned has made good faith attempts to resolve differences, but were unsuccessful.

9. Pursuant to Fed.R. Civ.P. 37(b)(1), "if the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Moreover, Fed.R. Civ.P. 37(b)(2)(A) provides in relevant part:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6)or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

10. In affirming this Court's dismissal of a claim for failure to comply with discovery orders, the Seventh Circuit observed that:

> Rule 37 allows for dismissal of a case when a party commits discovery violations such as failing to make mandatory disclosures. *See* Fed. R. Civ. P. 37(b)(2)(C); *Greviskes v. Univs. Research Ass'n, Inc.,* 417 F.3d 752, 758-59 (7th Cir.2005). While the district court need not identify a pattern of discovery abuses, the court must at least make a finding of "willfulness, bad faith or fault" to justify a Rule 37 dismissal. *Maynard v. Nygren,* 332 F.3d 462, 467-68 (7th Cir.2003); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.,* 325 F.3d 903, 909 (7th Cir.2003). A district court need not make an explicit finding of willfulness; rather, such a finding may be inferred from the sanction order itself. *See Aura Lamp,* 325 F.3d at 909; *In re Golant,* 239 F.3d 931, 936 (7th Cir.2001).
>
> *Sharpe v. Village of Fox Lake*, 176 Fed. Appx. 694, 697 (7th Cir. 2006).

11. "To the extent [the Plaintiff] argues that she should not be accountable for the discovery violations attributable to her counsel, this argument also fails because Sharpe, like any

civil litigant, is accountable for the actions (or inactions) of her attorney." *Id.* at 697, *citing Magala v. Gonzales*, 434 F.3d 523, 525-26 (7th Cir.2005); *United States v. 7108 W. Grand Ave., Chi.,* 15 F.3d 632, 634-35 (7th Cir.1994).  The same applies here, Ms. Carlsen cannot avail herself of the argument that she should not be responsible for Mr. Vullings' actions (or inaction).

      12.      Here, as set forth *supra,* Ms. Carlsen and her counsel have flagrantly disregarded this Court's Order, despite the Court's determination that time was of the essence in ordering a short discovery schedule, and justice demands an appropriate order in turn.  Plaintiff, and the Class, through the undersigned counsel, have acted in good faith to comply with this Court's Order, and to resolve this discovery issued before bringing this motion.  Unfortunately, Ms. Carlsen and her counsel have failed to do the same.

      WHEREFORE, Plaintiff respectfully moves this Court to compel the outstanding discovery and access any additional costs to expedite Ms. Carlsen's deposition transcript to her.  In the alternative, her objection should be stricken


Dated: September 29, 2015

Respectfully Submitted,


By: */s/ Keith J. Keogh*

Keith J. Keogh
Timothy Sostrin
Michael Hilicki
Keogh Law, Ltd.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
P: 312.726.1092

Alejandro Cafferelli, #06239078
Lorraine T. Peeters, #06290434
Caffarelli & Associates Ltd.
214 South Michigan Ave., Ste. 300

- 4 -

Chicago, IL 60604
Telephone: 312-763-6880
Email: acaffarelli@caffarelli.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 29, 2015, service of this document was accomplished via email and United States First Class Mail to the following:

- 5 -