# EXHIBIT 1

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHEILA ALLEN, individually and on behalf of all others similarly situated, | Case No. 13-cv-08285 |
| Plaintiff, | Assigned to the Honorable Rebecca R. Pallmeyer |
| v. | |
| JP MORGAN CHASE BANK, N.A., | Magistrate Judge Schenkier |
| Defendant. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR
THE PRODUCTION OF DOCUMENTS TO OBJECTORS**

Plaintiff Sheila Allen, individually and on behalf of all others similarly situated hereby requests that Janet Jabrani, Robert Burack, Candysse S. Carlsen, and Enzo A. Sberna (Individually and collectively referred to as "Objector") respond to the following requests for the production of documents, **within seven days hereof** as ordered by the Court on September 16, 2015, Docket Entry 73.

**INSTRUCTIONS & DEFINITIONS**

The following instructions and definitions apply to all requests herein:

1.      If Objector declines to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, produce a privilege log containing the following: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what type of privilege is claimed; and (d) state the factual basis upon which the privilege is claimed.

2.       If any document requested was, but no longer is, in Objector's possession or control, state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

3.       If any part of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to immediately remedy the problem.

4.       The term "document" includes, by way of illustration only and not by way of limitation, the following, whether existing electronically, printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; e-mail; text messages; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, hard drives, flash drives, portable drives, other magnetic or electronic information storage media, or maintained online or in the cloud. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

5.       References to "you" means Objectors, as defined herein, or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

6.      "relate to" or "relating to" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

7.      All other words not specifically defined herein shall be given their plain English meaning, as defined as found in the Merriam-Webster Dictionary at http://www.merriam-webster.com/.

8.      To the extent any paragraph is objected to, please set forth all reasons for your objection.

9.      If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

10.     Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

11.     The singular includes the plural number, and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

12.     To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

13.     "Chase" means the Defendant, JP Morgan Chase Bank, N.A., and includes JP Morgan Chase Bank, N.A's agents, affiliates, employees, and attorneys, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

14.     "This Action" is defined as the case styled *Sheila Allen v. JP Morgan Chase Bank, NA,* Case No. 13-cv-08285 in the United States District Court, Northern District of Illinois, as set forth in the caption of this document.

15.     "Your Cellular Telephone" is any cellular phone to which you are or at any time have been a user or subscriber of cellular phone services.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Each Objector (namely, Janet Jabrani, Robert Burack, Candysse S. Carlsen, and Enzo A. Sberna) is requested to produce the following:

1. All documents on which you base your assertion that you are a member of the class in This Action.

2. All documents relating to the basis or reasons for your objection to the settlement in This Action.

3. All documents relating to objections you have filed or served in any other class action, whether or not said objections were withdrawn.

4. All documents relating to whether you gave Chase Your Cellular Telephone number.

5. All documents relating to any contracts or agreements you currently have or at any time have had with Chase.

6. All documents relating to any correspondence you had with Chase.

7. All documents relating to how many times you contend Chase called Your Cellular Telephone without consent.

8. All correspondence with any other class member in This Action.

9. All correspondence with any attorney representing any other class member in This Action.

10. Copies of any solicitations from current and former counsel in This Action or anyone on their behalf.

11. Copies of all retainer or representation agreements with current and former counsel in This Action.

12. Copies of any disbursements of funds from current and former counsel in This Action.

13. All documents relating to any money that you have ever received as a result of objecting in any other class action.

14. A copy of the billing records for all calls that you received from Chase on Your Cellular Telephone between November 18, 2008 and the present time.

15. All documents related to the nature of your relationship (e.g., familial or social) with your attorney, or any other attorney for any class member or Objector in This Action.

Sheila Allen, individually and on behalf of all others similarly situated,

By: _____/s/ *Keith J. Keogh*_____
One of Plaintiff's Attorneys

Keith J. Keogh
Timothy Sostrin
Michael Hilicki
Keogh Law, Ltd.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
Tel: 312-726-1092

Alejandro Caffarelli, #06239078
Lorraine T. Peeters, #06290434
Caffarelli & Associates Ltd.
214 South Michigan Ave., Ste. 300
Chicago, IL 60604
Tel: 312-763-6880
e-mail: acaffarelli@caffarelli.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2014, I caused a true and correct copy of the foregoing to be served upon the individuals listed below via United States Mail and e-mail.


C. Jeffrey Thut
516 N. Milwaukee Ave.
Libertyville, Illinois 60048
jeff@roachjohnstonthut.com
*Attorney for Objectors Burack and Jabrani*

Brent F. Vullings, Esq.
Vullings Law Group
3953 Ridge Pike, Suite 102
Collegeville, PA 19426
BVullings@Vullingslaw.com
*Attorney for Objector Carlsen*

Arjun P. Rao
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor
Los Angeles, CA 90067
Email: ARao@stroock.com

*Attorney for Defendant JP Morgan Chase Bank, N.A.*

Jonathan E. Fortman
Law Office of Jonathan E. Fortman, LLC
250 St. Catherine Street
Florissant, Missouri 63031
jef@fortmanlaw.com

Steve A. Miller
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
sampc01@gmail.com

John C. Kress
The Kress Law Firm, LLC
4247 S. Grand Blvd
St. Louis, MO 63111
jckress@thekresslawfirm.com

*Attorneys for Objector Sbrena*


/s/*Keith J. Keogh*
Keith J. Keogh