# EXHIBIT 5

EDITION: U.S.

SIGN IN | REGISTER

Search Reuters

HOME  BUSINESS  MARKETS  WORLD  POLITICS  TECH  OPINION  BREAKINGVIEWS  MONEY  LIFE  PICTURES  VIDEO

**Back to top**

**Reuters.com**  Business | Markets | World | Politics | Technology | Opinion | Money | Pictures | Videos | Site Index

**More from Reuters**  Reuters News Agency | Brand Attribution Guidelines | Delivery Options

**Support & Contact**  Support | Corrections

**Account Information**  Register | Sign In

**Connect with Reuters**  Twitter   Facebook   LinkedIn   RSS   Podcast   Newsletters   Mobile

**About**  Privacy Policy | Terms of Use | Advertise With Us | AdChoices | Copyright

Our Flagship financial information platform incorporating Reuters Insider

An ultra-low latency infrastructure for electronic trading and data distribution

A connected approach to governance, risk and compliance

Our next generation legal research platform

Our global tax workstation

Thomsonreuters.com

About Thomson Reuters

Investor Relations

Careers

Contact Us

Thomson Reuters is the world's largest international multimedia news agency, providing investing news, world news, business news, technology news, headline news, small business news, news alerts, personal finance, stock market, and mutual funds information available on Reuters.com, video, mobile, and interactive television platforms. Thomson Reuters journalists are subject to an Editorial Handbook which requires fair presentation and disclosure of relevant interests.

NYSE and AMEX quotes delayed by at least 20 minutes. Nasdaq delayed by at least 15 minutes. For a complete list of exchanges and delays, please click here.

Alison Frankel

# A new way for class action firms to combat serial objectors?

By Alison Frankel
June 29, 2015

**Tags:**

#MetLife

In July 2014, the Chicago class action firm **Anderson & Wanca** moved for preliminary approval in Illinois state court of a $23 million settlement of allegations that Metropolitan Life Insurance violated the Telephone Consumer Privacy Act by sending out millions of unsolicited faxes. Five members of the class objected to the settlement. Two dropped protests on their own and the judge struck a third before granting final approval to the settlement in February 2015.

Two objectors, however, appealed the case to the Illinois appellate court. Anderson & Wanca understood the game, according to **Ross Good**, an attorney on the MetLife case. In cases like these, objectors – or, more importantly, the lawyers who represent them – know class counsel won't receive their fees until appeals are over. So objectors' lawyers file appeals in the hope class counsel will pay them to go away.

In this case, Anderson & Wanca had about $8.2 million at stake, about $7.7 million in fees and $600,000 in expenses. But it refused to settle with the objectors. According to Good, his firm met with lawyers for one of them, including repeat objectors' counsel **Kirk Kennedy**, but didn't reach a deal.

Kennedy, who told me he has represented an objector in only one previous class action, said he wasn't looking for a settlement when he met with Anderson & Wanca. "My message to them wasn't pay us money," said Kennedy, whose appellate brief homes in on Anderson & Wanca's alleged shortcomings as class counsel. "It was, we want to take a close look to see if this settlement is legitimate or not. If it's not fair to class members we're going to have to make changes."

Anderson & Wanca has flat out refused to talk to lawyers for the other objector, who was brought into the case by prolific objectors' counsel **Christopher Bandas** of the **Bandas Law Firm**.

"We are not paying," said Good of Anderson & Wanca. "Brian Wanca has been categorical about this."

Instead, the firm has embarked on a project to track the activities of serial objectors through a website, serialobjector.com. The site has information on nearly 200 repeat objectors and their lawyers, with summaries of the cases in which they've filed protests, details on how and when the objections were resolved, and links to court records. "We wanted to find a way to make this all more transparent," said Good, who has worked at Anderson & Wanca since 2005, first as a researcher and then as an attorney after graduating from law school in 2013.

The class action firm is not the first group to track class action objections. The Federal Judicial Conference compiled a study of objections in three federal judicial circuits, the 2nd, 7th and 9th U.S. Circuit Courts of Appeal, between 2008 and 2013. Anderson & Wanca is, however, apparently the first to sort cases by objectors' counsel. The point, Good said, is to help lawyers, judges and journalists understand the full scope of the business of repeat objections to class actions.

The website is still undergoing testing, but when Good saw my stories last week detailing revelations about repeat objectors in a federal-court appeal of a $75.5 million TCPA class action settlement with Capital One, he reached out to share some of his research. In particular, he wanted to tell me about Bandas, who is a lawyer for the objector in his case and also represented an objector in the Capital One case. (As I reported last week, class counsel in the Capital One case, **Lieff Cabraser Heimann & Bernstein**, agreed to settle with Bandas' client for an undisclosed amount paid out of its $16 million fee award; that settlement led to a split between Bandas and **Ted Frank** of the nonprofit **Center for Class Action Fairness**, who was moonlighting for Bandas under a retainer agreement in which Frank earned more than $220,000 since 2013.)

According to Good, he has found 25 class actions in which Bandas represented an objector in the past five years. But he believes the number will turn out to be closer to 50. Since 2013, he said, Bandas often does not register an appearance as counsel for the objector but works with the lawyers who are counsel of record. Good said he believes Bandas modified his business model after U.S. District Judge **James Robart** of Seattle barred Bandas from practicing in the Western District of Washington. Robart sanctioned Bandas for bad faith conduct after Bandas failed to pay a court-ordered bond to pursue his appeal of a class action settlement with the Internet service provider Clearwire.

Anderson & Wanca researchers are plumbing not just dockets but actual filings in search of Bandas' name. According to Good, he check whether, for instance, Bandas has ordered transcripts of court hearings. He reads letters from objectors to judges overseeing class actions for references to Bandas. He also looks at retainer agreements if judges have ordered objectors to produce them.

In his firm's MetLife case, Bandas is not counsel of record for objector Judd Clayton Jr. **Jeffrey Thut** of **Roach Johnston & Thut** signed Clayton's brief to the Illinois appellate court. But Anderson & Wanca obtained Clayton's retainer agreement after the state court judge overseeing the class action ordered discovery from him and another objector. As Clayton conceded at his deposition, Bandas is his lead lawyer. (Clayton said Bandas is a professional acquaintance who decades ago used him as an expert witness in a couple of personal injury suits. He also said he "presumed" Bandas was responsible for filing a previous objection Clayton attempted to bring in a New Jersey class action against Hertz.)

Clayton's retainer agreement in the MetLife case, which was an exhibit at his deposition, included an interestingly vague clause about what reward he could expect as an objector. He could be entitled to an incentive payment from class counsel or the defendants in recognition of his service, the contract said. "Any incentive award or payment sought," the agreement added, "will never exceed $5,000."

Bandas, however, requests much more than $5,000 to settle appeals, based on two cases in which information about his settlements has become public. In the Capital One case, former Bandas colleague Frank said he believed Bandas had received $200,000 or more from Lieff Cabraser. Frank based that estimate on a conversation in which Bandas supposedly informed Frank that he would have offered Frank's client, a different objector, $100,000, to drop his appeal. Bandas allegedly told a lawyer for the defendant in a false advertising class action against the maker of

**AUTHOR PROFILE**



Alison Frankel updates On the Case multiple times throughout the day on WestlawNext Practitioner Insights. A founding editor of the Litigation Daily, she has covered big-ticket litigation for more than 20 years. Frankel's work has appeared in The New York Times, Newsday, The American Lawyer and several other national publications. She is also the author of Double Eagle: The Epic Story of the World's Most Valuable Coin. Any opinions expressed here are the author's own.

**To read the complete On the Case blog, head to Thomson Reuters News & Insight.**





**REUTERS ANALYSIS & OPINION**



**EDWARD HADAS: THE LIMITS OF THE SHARING ECONOMY**

**By Edward Hadas**



**THE LIMITS OF THE SHARING ECONOMY**

**By Edward Hadas**

Case: 1:13-cv-08285 Document #: 82-5 Filed: 10/07/15 Page 4 of 5 PageID #:1166

Hydroxycut dietary supplements that he would withdraw for a payment of about $400,000, according to a September 2013 order in which U.S. District Judge **Barry Moskowitz** of San Diego struck two objectors linked to Bandas from proceeding.

The defense lawyer testified at an evidentiary hearing that Bandas subsequently called claiming he'd had a "senior moment" and forgotten their conversation. But the judge concluded that "Mr. Bandas was attempting to pressure the parties to give him $400,000 as payment to withdraw the objections and go away. Mr. Bandas was using the threat of questionable litigation to tie up the settlement unless the payment was made." Judge Moskowitz later denied a motion by class counsel in the Hydroxycut case to sanction Bandas for allegedly falsifying the signature of a client. The judge said he took the allegation very seriously but didn't have jurisdiction over Bandas because Bandas did not enter an appearance before him.

Bandas did not respond to a detailed email asking about the MetLife, Clearwire and Hydroxycut cases and Anderson & Wanca's assertion that he has brought at least 25 and as many as 50 objections in the past several years. He did not respond last week to calls and emails about allegations in the Capital One case. Ted Frank of the Center for Class Action Fairness said in an email that he is not currently involved in the MetLife case or any other of Bandas' objections. He also said that the Center for Class Action Fairness has filed at least 40 objections in the past five or so years, "so there's nothing inherently wrong by itself with being involved with lots of objections," Frank said.

Jeffrey Thut, who is working with Bandas on the MetLife case, said Bandas is "nothing but professional." He said Bandas first called him to serve as local counsel for Clayton, the MetLife objector, after the judge in the case ordered discovery. When he entered an appearance, he said, class counsel Wanca called to ask if he knew about Bandas' history. Thut, who told me he'd never worked on a class action before the MetLife case, said, "Is Chris Bandas a serial objector? I don't know. I'll let you make up your own mind   In my experience, he knows his stuff. He doesn't have horns."

Thut said he has tried repeatedly to convince Wanca to settle the MetLife case and lock in Anderson & Wanca's $8.2 million in fees and costs. He said he believes the settlement approval will be overturned because the trial judge did not permit objectors to inquire into a settlement between class counsel and the Old National Bank, which allegedly held a $3.6 million judgment against the firm.

Anderson & Wanca's serialobjector.com website has a dossier on Thut, too. His class action experience may have begun with the MetLife case but it didn't end there. He and Bandas have since teamed up to represent objectors in two other cases, a Chicago federal court class action against Chase and a Minnesota class action against Life Time Fitness. (Both are TCPA cases.) The objector Thut and Bandas represent in the Life Time class action is named Lindsey Thut – the same name as a University of Michigan soccer player whose father is Jeff Thut. I asked Thut if Life Time objector Lindsey Thut is his daughter. "I'll let you figure that out on your own," he said.

(This article has been corrected. A previous version incorrectly reported the size of the MetLife settlement. The article has also been updated to include comment from objector counsel Kirk Kennedy.)

For more of my posts, please go to WestlawNext Practitioner Insights

Follow me on Twitter

« Previous Post
Lieff: Professional objectors are a scourge but settling isn't unethical
Next Post »
SEC's Aguilar, Gallagher split on policing advisers' compliance

### More From Reuters

- **Russia and America prep forces for Arctic war**  | 4 Oct
- **Russian warplanes in Syria destroy U.S.-trained rebels' weapons depot…**  | 7 Oct
- **"What does 'FUBAR' mean?"**  | 30 Sep
- **Fathers rape with impunity, fuelling Guatemala's teen pregnancies: righ…**  | 2 Oct
- **Why migrants are going to great lengths to avoid this EU country**  | 28 Sep

**Sponsored Financial Content**  (?)

- **3 Of The Best Credit Cards For Consolidating Debt**  NerdWallet
- **Nine reasons you should consider a Roth IRA**  Fidelity Investments
- **The 7 Most Amazing Credit Cards If You Have Excellent Credit**  Next Advisor
- **Boost your retirement income with these Social Security benefits today**  The Fool
- **Don't let Wall Street rip you off, put your savings in a CD**  Banks.org

**From The Web**                                                                 Sponsored Links by Taboola



**PUTIN REHASHES UKRAINE RHETORIC ON SYRIA, BUT NAZI COMPARISONS FAIL TO CONVINCE**

**By Ian Bateson**



**BUD ALMOST HAS THE SAB KEG TAPPED**

**By Robert Cole**



**SAMSUNG'S FUTURE IS MORE INTEL, LESS APPLE**

**By Robyn Mak**



**RECOMMENDED VIDEO**

**Syria: What's in it for Putin?**

**Wife: American Airlines pilot died of heart attack**


**Illinois: New Rule Has Drivers Shocked**
*Start My Quote*


**The Golden Age is Over: Billionaires Dumping American**
*Money Morning Report Subscription*


**The Highest Paying Cash Back Credit Card Has Just Hit The**
*NextAdvisor*

**MORE REUTERS NEWS**

**Wednesday, 7 October 2015, 6:44 pm**

**OBAMA APOLOGIZES FOR AFGHAN HOSPITAL ATTACK, MSF DEMANDS INDEPENDENT PROBE**

**Wednesday, 7 October 2015, 6:39 pm**


**New Grammar App Can Help You Succeed at Work**
*Grammarly*

**Interactivity: 1 of 10 Dashboard Design Trends [Get the Rest]**
*Logi Analytics*


**There's Trouble Brewing for America's Most Hated**
*The Motley Fool*

**RUSSIA BACKS SYRIAN FORCES IN MAJOR ASSAULT ON INSURGENTS**

**Wednesday, 7 October 2015, 6:35 pm**

**MCCARTHY SEEN SHORT OF FULL MAJORITY IN HOUSE SPEAKER RACE**

**Wednesday, 7 October 2015, 6:31 pm**

No comments so far

**BLATTER FACES 90 DAY SUSPENSION FROM FIFA, CONFIDANT SAYS**

**Wednesday, 7 October 2015, 6:29 pm**

**VOLKSWAGEN PLAYS DOWN HOPES OF QUICK ANSWERS OVER EMISSIONS CHEATING**

We welcome comments that advance the story through relevant opinion, anecdotes, links and data. If you see a comment that you believe is irrelevant or inappropriate, you can flag it to our editors by using the report abuse links. Views expressed in the comments do not represent those of Reuters. For more information on our comment policy, see http://blogs.reuters.com/fulldisclosure/2010/09/27/toward-a-more-thoughtful-conversation-on-stories/

