**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SHEILA ALLEN, individually and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | **NO. 1:13-cv-08285** |
| **v.** | **Assigned to the Honorable Rebecca R. Pallmeyer** |
| **JP MORGAN CHASE BANK, N.A.,** | |
| **Defendant.** | **Magistrate Judge Schenkier** |

**OBJECTOR/APPELLANT ROBERT BURACK'S OPPOSITION TO
CLASS PLAINTIFFS' MOTION FOR APPEAL BOND**

Robert Burack, Objector and Appellant herein ("Objector"), files this Opposition (the "Opposition") to Class Plaintiffs' Motion for Appeal Bond (Dkt. No. 99) filed on November 9, 2015.

## INTRODUCTION

Class counsel seeks a $121,886 appellate bond which consists of $47,386 in interest, $49,500 in additional administrative costs and $25,000 in "potential costs" ostensibly pursuant to Rule 39(e). Putting aside a lengthy *ad hominem* attack on Objector's counsel, the legal issues presented are fairly simple ones: (1) whether an appellate bond in this case may exceed taxable costs under Rule 39(e) to also include "delay costs" such as interest and other administrative costs; and (2) whether class plaintiffs' $25,000 "estimate" of taxable costs is reasonable and true estimate supported by adequate evidence. The answers to both of these questions are "no." Class plaintiffs' bond motion should be denied and Objector should not be required to post a taxable cost bond above $5,000 in this case.

## ARGUMENT

As an initial matter, Objector does not oppose a bond for taxable costs of $5,000 under Rule 39(e). Indeed, were class plaintiffs to have asked *via* a meet and confer about an appeal bond, Objector likely would have agreed to a bond for $5,000 in taxable costs simply to expedite this matter and to get on with briefing and otherwise moving forward with the appeal. Indeed, it appears that the bond motion serves more as a vehicle to make *ad hominem* attacks on Objector's counsel than to obtain a bond for *actual* taxable costs.[1]

---

[1] Whether an appeal is frivolous is decided by courts of appeal, not the trial court. *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell,* 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir 1985). And only the appellate court has the authority to impose sanctions for a frivolous appeal. *In re Vasseli,* 5 F.3d 351, 353 (9th Cir. 1993) (citing *In re American President Lines, Inc.,* 779 F.2d

OBJECTOR/APPELLANT ROBERT BURACK'S OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND

In December of 2014, in *Tennille v. Western Union Co.*, 774 F.3d 1249 (10th Cir. 2014),

the Tenth Circuit surveyed the various federal courts of appeal on the question of whether a Rule

7 cost bond may include damages due to the delay that an objector's appeal might cause. The

court observed that:

> Although Plaintiffs can point to several unreported district court
> cases imposing appeal bonds that cover delay damages or
> increased administrative costs to maintain a class settlement
> pending appeal, we do not find the reasoning of those cases
> persuasive in light of the unanimous circuit authority restricting an
> appeal bond to costs expressly permitted by rule or statute.

*Id.* at 1256. "Costs of delay" are only covered in a *supersedeas* bond, which is only available

under Fed. R. App. Proc. 8 or Fed. R. Civ. Proc. 62(d). *Vaughn v. Am. Honda Motor Co.*, 507

F.3d 295, 298-99 (5th Cir. 2007); *In re American President Lines, Inc.*, 779 F.2d 714, 717-18

(D.C. Cir. 1985).

While class plaintiffs claim they are seeking an appeal bond, what they are really seeking

is a *supersedeas* bond under Fed. R. App. Proc. 8, which is a bond for costs of delay. The

difference between a *supersedeas* bond and an appeal bond is important: an appeal bond is a

precondition for appeal, while an appellant can choose to forgo paying a *supersedeas* bond. *In re*

*American President Lines, Inc.*, 779 F.2d at 717-18 (D.C. Cir. 1985). The requirements for Fed.

---

714, 717 (D.C. Cir. 1985)). If the Seventh Circuit determines that Objector's appeal is frivolous, class plaintiffs have the option of taking action at that time. "A district judge ought not try to insulate his decisions from appellate review by preventing a person from acquiring a status essential to that review." *Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012). *Accord Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." (*quoting Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998), *cert denied*, 525 U.S. 875 (1998)). Moreover, this objection and the appeal have been brought in good faith. Without belaboring the point, Mr. Bandas' clients have prevailed in many appeals notwithstanding the all too frequent accusations that Mr. Bandas' clients' appeals were frivolous and brought in bad faith. *See, eg.* Exhibits A-D.

OBJECTOR/APPELLANT ROBERT BURACK'S OPPOSITION TO PLAINTIFFS' MOTION
FOR APPEAL BOND

R. App. Proc. 8 are not met because, among other reasons, Objector has not sought a stay of this Court's ruling. Fed. R. App. Proc. 7 does not give a district court authority to write Fed. R. App. Proc. 8 out of the rules of federal procedure and require a bond for delay costs as a precondition for appeal. *American President Lines*, 779 F.2d at 718-19. Class plaintiffs' request for delay costs in the form of interest and increased administrative expenses should be rejected by the Court.

To the extent a bond is imposed in this case, it should not exceed $5,000 in taxable costs under Rule 39(e). The class plaintiffs' motion for bond provides "[h]ere, the Class believes that Rule 39(e) costs could add up to $25,000." This statement is not adequate evidence of an estimate of taxable costs under Rule 39(e) and therefore the Court should deny the request for a bond or reduce any bond to $5,000 as the Tenth Circuit did in *Tennille*, which is eerily similar to the matter before the Court.[2] Objection is made that the $25,000 figure is not supported by adequate evidence and is not a reasonable estimate of *true* taxable costs in this particular case. In the interest of expediting this matter, Objector is not opposed to a bond to cover $5,000 in taxable costs.

---

[2] *Tennille*, 774 F.3d at 1257 ("Next, Objector Dorsey challenges the district court's decision to include in the appeal bond $25,000 for printing, copying, and preparing the appellate record. Although such costs are recoverable "costs on appeal," the district court abused its discretion in including $25,000 here to cover such costs. Plaintiffs have failed to justify the need for the appeal bond to cover an estimated $25,000 for printing, copying, and record preparation, asserting only that "[a] bond for such expenses is routine and need not be requested with specificity given the number of unknowns that counsel face when asking for such a bond[.]" While an appeal bond request by necessity must be based on an estimate of the costs that a litigant may incur in defending against an appeal, Plaintiffs here made no effort to justify their $25,000 estimate. And, although Plaintiffs point to a number of cases in which a district court imposed an appeal bond for $25,000 in printing, copying, and record preparation costs, Plaintiffs have not explained how the costs at issue in those cases are similar to the costs Plaintiffs expect to incur here. Before the district court, Objector Dorsey conceded that Plaintiffs were entitled to a $5,000 bond to cover printing, copying, and record preparation costs. We therefore reduce the appeal bond to $5,000." (Citations omitted).

OBJECTOR/APPELLANT ROBERT BURACK'S OPPOSITION TO PLAINTIFFS' MOTION FOR APPEAL BOND

## CONCLUSION

Objector respectfully requests that, to the extent the Court orders a bond in this case, the

bond should not exceed $5,000 in taxable costs under Rule 39(e).[3]  The request for a $121,886

appeal bond should be denied.

DATED:  November 10, 2015                              Respectfully submitted,

/s/ *C. Jeffrey Thut*_____
C. Jeffrey Thut
516 N. Milwaukee Ave.
Libertyville, Illinois  60048
Telephone:      (847) 549-0600
Facsimile:      (847) 549-0312
Email:  jeff@roachjohnstonthut.com

Attorneys for Objector/Appellant

---

[3] Objection is made to the inadequate notice provided by class plaintiffs for Objector to respond to the bond motion.

OBJECTOR/APPELLANT ROBERT BURACK'S OPPOSITION TO PLAINTIFFS' MOTION
FOR APPEAL BOND

**Certificate of Service**

I hereby certify that on November 10, 2015, I caused one true and correct copy of the foregoing Opposition to Class Plaintiffs' Motion for Appeal Bond to be served via ECF thus effectuating service on all ECF registered attorneys.

/s/ *C. Jeffrey Thut*
C. Jeffrey Thut

6