# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHEILA ALLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 13-cv-08285<br><br>Judge Rebecca R. Pallmeyer |

## CLASS PLAINTIFFS' RESPONSE TO "EMERGENCY" MOTION TO STAY APPEAL BOND AND REQUEST FOR HEARING ON THE MERITS

Class Plaintiff, Sheila Allen, files the following response to Mr. Burack's motion to stay the appeal bond [Dkt. 104]. Although styled an emergency motion, Robert Burack, fails to support his assertion the motion to stay the bond is an emergency, let alone notice it up as a true emeregency motion. In addition, Mr. Burack fails to explain any basis for the stay except to state *pro forma* the motion is being filed because Seventh Circuit Rule 8(a)(1)(A) requires a stay motion to be first filed in the district court prior to a motion for stay being filed in the Seventh Circuit. Mr. Burak's perfunctory motion should not be ruled on until Mr. Burak's attorneys, Mr. Thut and Mr. Bandas, appear at the presentment hearing in order to provide a complete record for the Seventh Circuit on his basis to stay.

### A. The Motion To Stay Appeal Bond is Not an Emergency

Mr. Burack fails to provide any support or basis as to why his motion to stay should be deemed an emergency. The bond motion was granted on November 12, 2015 and Mr. Burak has until December 7, 2015 to post the bond. Mr. Burak chose to wait until the eve of the Thanksgiving holiday to file it, and then chose to wait until December 7, 2015 to notice the

motion. This Court hears motions three days a week and Mr. Burak had plenty of time to notice his motion prior to the date he is required to post a bond. Waiting until the last second to notice a motion does not transform that motion into an emeregency.

### B. The Perfunctary Motion Runs Afoul of Seventh Circuit Rule 8(a)(1)(A)

Under Cir. R. 8(a)(1)(A), the Seventh Circuit requires litigants to first seek to stay a matter with the trial court, prior to requesting a stay from the Seventh Circuit. Yet, there would be no point to this Rule if a litigant only needed to file a bare bones and perfunctory motion that fails to provide any basis for the stay. In fact, Rule 8 specifically requires litigants to explain why the district court denied the motion to stay. Clearly, the Seventh Circuit expects more than a perfunctory motion that appears designed to be denied out of hand, soley so Mr. Burak can move to stay the bond before the Seventh Circuit.

### C. There Should be a Full Record On the Motion To Stay

As noted above, Mr. Burak has not provided any basis on why the bond should be stayed. In addition to not providing a basis as to why or how the motion is an emergency, he has not argued that he would be injured or suffer any prejudice by the timing of the bond. He has also not argued that he cannot afford the bond. Nor has he explained how a stay would not undermine the protections the bond afforded to the class. As a result, rather then leaving the Court and Class Plaintiff to guess as to why a stay would be appropriate, Mr. Burak's attorneys, Mr. Thut and Mr. Bandas, should be ordered to appear on December 7, 2015 at the presentment of their motion to explain to the Court any such basis and provide evidence, as necessary. This would insure a complete record and is the date they chose to present the motion to stay. It is worth noting that neither Mr. Burak nor his attorneys have not shown up for a single hearing or court appearance, including the final approval hearing that they chose to appeal without the

benefit of a transcript.  They should not be allowed to file perfunctory motions without meaningful participation in order to strategically evade having this Court weight the merits of their arguments for the purpose of gaining leverage in the appellate court (where they surely will argue that this Court failed to weigh the merits of their arguments).

**CONCLUSION**

Mr. Burak's attorneys, Mr. Thut and Mr. Bandas, should be ordered to appear on December 7, 2015 at the presentment of ther motion to stay the bond in order explain to the Court any basis for the motion to stay the appeal bond.

Dated: November 30, 2015

Respectfully Submitted,

By: */s/ Keith J. Keogh*

Keith J. Keogh
Timothy Sostrin
Michael Hilicki
Keogh Law, Ltd.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
Telephone:  312-726-1092

Alejandro Cafferelli, #06239078
Lorraine T. Peeters, #06290434
Caffarelli & Associates Ltd.
214 South Michigan Ave., Ste. 300
Chicago, IL 60604
Telephone: 312-763-6880
Email: acaffarelli@caffarelli.com

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, Class **Plaintiff's Response to Emergency Motion to Stay Appeal Bond and Request for Hearing on the Merits**, to be served upon the party below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on November 30, 2015.

    Julia B. Strickland
    Arjun P. Rao
    Strook & Strook & Lavan LLP
    2029 Century Park East, 16th Floor
    Los Angeles, CA 90067
    T (310) 556-5800
    E-mail: jstrickland@stroock.com; arao@stroock.com

    Gloria B. Mitka
    Associate General Counsel
    JPMorgan Chase Legal Department
    10 S. Dearborn, Floor 20 (IL-0287)
    Chicago, IL 60603
    E-mail: gloria.mitka@jpmchase.com

    Brent F. Vullings
    Vullings Law Group
    3953 Ridge Pike, Suite 102
    Collegeville, PA 19426
    E-mail: bvullings@vullingslaw.com

    C. Jeffrey Thut (also via electronic mail and U.S. Mail)
    516 N. Milwaukee Avenue
    Libertyville, IL 600048
    Email: jeff@roachjohnstonthut.com

    Jonathan E. Fortman
    Law Office of Jonathan E. Fortman, LLC
    250 St. Catherine Street
    Florrissant, Missouri 63031
    E-mail: jef@fortmanlaw.com

                                              /s/ Keith Keogh
                                              Attorney for the Plaintiff